71 waters against the Department of Veterans Affairs. Mr. Raven. Sean Raven for George Waters preparing pro bono. May it please the court. Oh, excuse me. You're repairing. I'm preparing pro bono for Mr. Waters. May it please the court. The Department of Veterans Affairs has an affirmative duty to assist all veterans in the development of their claims. Mr. Waters is a service connected veteran whose service connected for schizophrenia. When he filed his claims for entitlement to compensation for hypertension diabetes and hypertension depression depression. Thank you. We filed these claims as secondary to schizophrenia. He expected to receive the assistance of the Department of Veterans Affairs to develop these claims. When the Board of Veterans Appeals finally denied his claim he never received a VA medical examination and doing so the board felt the board held that Mr. Objection is they use the word competent evidence. Yes that's correct. Does that term have a special meaning in VA practice. It does. It does Your Honor. Competent evidence and the way it's used in the veterans benefits context is in terms of medical evidence. There's a specific regulation for medical evidence. Veterans cannot provide competent medical evidence that's beyond their own observation. In other words under this court's decisions in general we can and they could provide competent medical evidence of things which they could observe with their own eyes. What what competent evidence did he provide. Mr. Mr. Waters didn't provide any competent evidence because he couldn't he couldn't provide an opinion a medical opinion relating his schizophrenia. No no no. I take it. No this isn't a case where the veteran could say that the conditions that were diagnosed while I was in service have the same kind of effect as what I'm suffering from now and therefore it looks as though it's connected that you don't have any of that here do you. That's right Your Honor. Mr. Waters couldn't say because of my schizophrenia the medication I take has caused me to suffer from hypertension depression and diabetes. He's not a doctor so he couldn't provide a competent medical opinion. But he didn't try to provide lay evidence either did he. His statement stating his his statement alleging that his disabilities are due to his schizophrenia on a secondary basis. That's an allegation. Did he provide any lay evidence that the  His statement is his lay evidence and as what was the statement his statement that his his disabilities are secondary to his schizophrenia. So just a conclusory statement just a statement is evidence Your Honor. Well but my problem with your argument is it seems to me in every case a veteran could say that. I mean I could say when I was in the service I had some serious dental problems and I believe that they are causing my arthritis and I take it under your theory that would be enough to entitle him to a medical examination. If he has. Even though Congress has specified in the statute what you have to show to get a medical examiner. Congress didn't say that in every case a veteran is entitled to a medical examination. No it didn't. It set forth these requirements of competent evidence of a disability and other evidence which indicates that the disability may be associated with service. If you look at the legislative intent of the speakers of for example Representative Evans he said that if a veteran served as a paratrooper and later on after service developed arthritis if the veteran filed a claim for arthritis of the knees and said I believe this is due to my service because I was a paratrooper that he would be entitled to a medical examination. So the bearer allegation would be sufficient because the entire purpose of the VCA the Veterans Claims Assistance Act was to ensure that veterans received assistance because as in Mr. Waters case Mr. Waters. But it leaves it doesn't the statute in terms pretty much leave it to the secretary to determine when a medical examination is needed. It is your honor but that's that's when the medical examination is necessary based on these criteria that there has to be competent evidence of either a disability with competent evidence again coming back to your question competent evidence is either a medical diagnosis or the veteran's statement regarding recurrent symptoms or persistent symptoms of disability without without any evidence of a disability or symptoms of a disability. If that's Congress if that's what Congress intended then I don't understand why Congress didn't say in every case a veteran should be given an examination if he requests it. I can't speak to why Congress didn't. Well think if what you say is right that all the veteran has to say is the conditions that I now have were related to the conditions I had while I was in service and therefore I'm entitled to a medical exam since every veteran can easily say that one would think that if that's what Congress intended Congress would have said so. What I'm suggesting to you is that that's not what Congress really intended. Congress required there be something more than just a statement by the veteran that I believe the conditions are related. But if that's the case your honor if that's the congressional if that's the statutory interpretation then veterans wouldn't be entitled to examinations if they said my arthritis is due to my due to my my service as a paratrooper. In Mr. Waters case now taking his bare statement alone. Yeah but that's a situation in which the observable condition that is jumping out of airplanes obviously puts a lot of stress on your knees. I mean it's a sort of there's a potential inference there that there was a cause and effect between jumping out of airplanes and having knee problems later in life. And that's not the situation here. That's a plausible basis test. It's different than competent evidence. In that case which you agree that a veteran would be entitled to examination for his knees based on arthritis is not a competent evidence test. It's a plausibility test. It's plausible because his statement alone relates to the fact that he was he was in service and that he was a paratrooper and that he would probably suffer a lot of traumatic injuries maybe small or minor to his knees. In Mr. Waters case it's much more difficult because there's no there's no apparent connection between schizophrenia hypertension depression and diabetes. Isn't that exactly the problem in terms of a threshold of plausibility and by the time Mr. Waters reached the veterans court did he have some medical suggestion that at least it was not inherently implausible or thoroughly unlikely that there was a connection that there was a plausible basis for this connection. There is no evidence as far as I can recall in the record which says that it's not plausible or it's not possible. Or at any at any time even after the decision of the veterans court. There's still no medical evidence. There's no evidence of record right Your Honor. But the theory that Mr. Waters would be entitled to an examination that the VA did not consider is schizophrenia requires medication. Medication has side effects. But that takes us back to the question of plausibility. Right. And whether in fact there is some threshold burden of providing at least a plausible basis even if it's far fetched. But it would have to be an allegation because again in order to get it via providing examination Mr. Waters has to provide his own medical opinion evidence. Well I don't see why. I mean I can see a case in which a veteran now suffers from some serious arthritic problems in his legs and he says that he remembers in service he went on these long hikes carrying a heavy pack and at the end of the day he was feeling a lot of pain in his legs. But he didn't go on sick call because he figured that was. Now he realizes that what caused this arthritis probably or at least was one of the causes which would happen to him in the service. Now that's a quite different kind of a case in terms of that being some suggestion in the record to support his claim of service connection than a case such as this where I gather all he said was in my opinion the two are interconnected. That's all he said basically. His bare allegation alone is a tough case. This is exactly the type of case that VA assistance is required in. When you have a veteran when you the easy cases won't make it to this court. The tough cases make it to the court where we're not on a competent standard whether or not there's a plausibility. In this case we might all as laypersons not recognize. Would it be enough for the veteran to say in my opinion it could have been caused by. That be enough. I take it under your theory enough to entitle him to a physical exam. Yes. The purpose of VA to assist is to. So basically it seems to me what it comes down to is your argument is that in every case a veteran is entitled to a physical exam because in every case a veteran can easily say I think what happened to me in the service has caused my post service condition. Not necessarily. There are still requirements of showing that there actually is a diagnosed disability or competent evidence of symptoms. We're not talking about diagnose. We're just talking about his right to. As I understand the only issue in this case that you're raising is whether he had the right to a medical exam. That's right. Not we're not deciding whether they were interconnected and one was the cause of the other. Your objection is that they denied his claim without giving him a medical exam. You say he was entitled to a medical exam. And what bothers me about it is if the low Congress has specified the conditions under which a medical exam is required. It seems to me under your argument in every case the veteran would be entitled to a medical exam if they met those requirements your honor. But if they met the requirements yes. If they specifically met requirements if they specifically met requirements of showing two factors one that they have competent evidence of a disability and that they can indicate that it may be related to service. That there is some evidence even their own statement. It has to be something more it seems to me than just a statement I think they are connected. I mean take my I try to make as an absurd a hypothetical as possible with a veteran who had dental problems and now claims that as a result of those dental problems he's suffering from arthritis in his legs. And I take it you said that in that situation if he said he thinks they're connected he's entitled to a medical exam. If yes because there could be evidence his yes this statement alone is enough to establish that there is a relationship between any type of dental problem which could possibly hit a nerve. Who knows what could have happened. Let's hear from the VA. Yes. Thank you. All right. Okay. Mr. Austin Thank you. May it please the court. Your honor is exactly correct. Congress could have drafted section 5103A in the precise manner that Mr. Waters wants. Congress could have said if you have competent evidence of a disability you are entitled to a medical examination. But to require competent medical evidence of the connection of the nexus to get a medical exam. I certainly do agree with that. Your brief says that but the problem I have is that I look at the Veterans Court decision and it seems to be pretty much in keeping with what you say the standard ought to be. But then I look at the board decision and the board decision which you seem not to defend in your in your brief seems to apply the wrong standard because it seems to say you always have to have competent medical evidence. Your honor is in large part correct. I mean the board decision is has some troubles with it. And I think if you look at the Veterans Court decision the Veterans Court did not adopt the reasoning of the board. The Veterans Court did not adopt the reasoning of the board. The Veterans Court did not adopt the reasoning of the board. And I think it's a plausible basis for their conclusion. What the Veterans Court did in their analysis is make it very clear that there is no requirement as your honor indicates in section 5103A, D2B that there be competent evidence. And I would direct the court's attention to specific areas in the decision of the Veterans Court that makes this very clear. Do I understand you to be arguing that even if the board applied the wrong verbal standard nevertheless that any error was non prejudicial on this record there's no way you could say that he was entitled to a medical exam. I'm not saying that the board applied the wrong standard. I'm saying it's your argument is that you think the board didn't apply the wrong standard. But even if one concludes that the board did apply the wrong standard still any error was non prejudicial because there's no way on this record that you could come out the other way. That is a position we're taking but I want to make clear that we're not saying the board applied the wrong standard. How can it be that the board applied the right standard? Is it clear on the face of it that they applied the wrong standard? Well it's unclear is the way I would say it. The board devoted most of its attention toward determining whether or not there was a causal connection and the board said there wasn't even close as to whether or not there was a service connection. Then it sort of in a couple sentences addressed the question under 5103 AD2B. And seemed to say you always have to have competent medical evidence to get an exam. Well I don't think they said that. I think they said since there is no competent evidence here there is not enough to meet the standard and what the veterans court said then is the veterans court on page 3 of its decision laid out how it does its decision and nowhere in there does it indicate there is a competent evidence requirement. But the key to this decision is what Mr. Waters doesn't come out and say this but what he's really claiming is that you cannot consider competent evidence in making a determination under 5103 AD2B. That's where the real difference is. Aren't we really finding ourselves discussing hyper technical evidentiary issues when it looks as if what happened was that the board said there can't possibly be any connection between schizophrenia and these other illnesses and you haven't shown otherwise. You don't have a plausible physician's statement. You don't have any physician's statement. Go away. And that ended it not as a matter of an evidentiary burden but as a matter of the board's view of the particular facts of these particular illnesses and their relationship. I think your honor is correct. I would add however that even in the board's decision it made it very clear that the standard for whether or not you have a medical examination is much less than the standard for whether or not you've proven service connection. Well they say that even under this record there's not sufficient evidence to do it. It is the same evidence so it's unclear. But the veterans court went on to say that there is lay evidence which can indicate the possibility alone. Where does the board articulate the correct standard? I read the board decision. It seems to me it pretty clearly articulates an incorrect standard. Well it's not clear what standard the board applied. The board basically said that there's no competent evidence to indicate medical evidence to indicate a service connection and said that there's nothing else in the record to support it. There's no incompetent evidence. They don't say that. Where do they say that? They don't say that. Right in front of me. It doesn't say that. There's no analysis. That's right. It says there's no competent medical evidence so you lose. That's right. That's what the board says. As I understand his argument it's that the board in applying subsection B brought into it the standard from subsection A because the board used that prohibited word competent evidence. Instead of saying competent evidence the board had said there's no convincing evidence. There's no substantial evidence. I take it they couldn't make this argument. That's right. That's right. But what the real issue boils down to is that there's no evidence at all. And your honor asked a question about Congressman Evans and his part of the legislative record which is cited in the McClendon case where Congressman Evans says look we want to leave open the door in subsection B for lay testimony alone being sufficient to indicate the possibility of a nexus and therefore a medical examination. But what we don't have here is what Congressman Evans was indicating. What Congressman Evans said A the claimant alleges there's a nexus and B we have a history of a paratrooper and C we have a history of a paratrooper who had many jumps and the condition is arthritis of the knees. So that was a totally fact dependent conclusion. That's right. Suppose for example Mr. Waters physician had said it's not impossible that someone with known paranoid schizophrenia would have depression later in life. Would that have solved the problem at least to get a VA exam. It's certainly a closer case than the instant one your honor because the statement if the statement for the physician which is the McClendon case really had been something to the effect that the schizophrenia may possibly have caused the depression or the hypertension or the diabetes. That's in the McClendon case. If that were all I assume that the veteran couldn't afford a medical exam if he had been told by the board that this is what you need in order to satisfy this statute from a hyper technical procedural view. It seems very strange to the regional office and the board and the veterans court and appeal up here without anyone saying is that all you need is a physician saying that it's possible it's whether it's possible that there's a connection. That's one of the things that would do it your honor there could be late as in the Evans case you don't need any physician in the Evans case in the Evans I'm sorry Congressman Evans testimony all you have there is a history of I jumped on a paratrooper as a paratrooper but if he wasn't told that this is what he needs here we have the statutes that require assisting the veterans at least to say this is what you need to get into our VA medical facilities which are very good. Well this is very specific to a medical examination and Congress could have said you need competent evidence to demonstrate the existence of a disability and if you demonstrate that you're entitled to a medical examination. I suppose there are plenty of people who would have argued that is the correct standard. My question is what do you need in terms of a threshold demonstration of connection not just that you're presently disabled. You have to indicate according to the statute you have to indicate that there may be a service connection. What about the kind of it seems like a little far fetched to tie schizophrenia to hypertension. Yes and that's very relevant. What about schizophrenia and depression that my guess is that if you looked at the medical text you'd find that that was a fairly common condition experienced by people with schizophrenia. Suppose that's the case. Your honor there is not a plausible basis for believing that there's a connection. If for example we take the record as we have it here and you add to this record the submission of a piece of medical literature which says that schizophrenia is frequently associated with depression or can cause depression. That is a very relevant piece of evidence that the VA would have to consider in making its determination as to whether the evidence indicates the suggestion of a possible and probably enough to get a medical exam. But to reach that conclusion a doctor would not necessarily have to examine the patient. That's correct. That would be a general statement by the physician as to the state of medical knowledge and the regulations make it pretty evident that that's enough. But this case is just like the Wells case. In the Wells case this court held that the mere allegation that you have a disability and merely alleging a causal connection between that and your service is not enough under the statute. And that's what we have here. That's really not what's troubling about this case. What's troubling is that apparently based on the situation that's now before us nobody told the veteran that all he needs was some mere allegation or whatever, some threshold demonstration beyond his own statement that I think they're connected. Well, I think the veteran was told give us everything you have that raises the possibility that there's a service connection. And he came up with nothing. There's nothing in the record to show that he was told to produce something or other from some physician and wasn't capable of doing so. It's silent. There's nothing in the record that indicates that there's any possibility of a service connection. Why isn't this like the paratrooper example? In the paratrooper example he didn't have to come in with a medical textbook saying you could end up with arthritis as a result of jumping out of airplanes. It was just sort of inferred. And so here maybe it's a line drawing contest. Both sides here seems to me are somewhat extreme positions. They're saying, well, any time there's an allegation even of a dental problem leading to a knee problem, well, that strikes me as kind of unlikely to put it charitably. On the other hand, you're suggesting that never is the allegation sufficient. Sometimes it seems to me that the allegation is sufficient. The allegation can certainly be sufficient sometimes. It's not in this case. The Congressman Evans example is precisely, I believe, why the statute is worded the way it is. But why not in this case? That's a finding of fact that as a lay person we think, we judges, that there's no causal connection between schizophrenia and diabetes, for instance, although it seems to me as a lay person one might connect schizophrenia and depression. So are we without giving the veteran the threshold opportunity to present a non-lay opinion that it's possible? It's not possible? I assume, Your Honor, it means for purposes of indicating the medical examination would be indicated. But for the purposes of satisfying the burden on the VA to assist the veteran. I do not think so, Your Honor. I think it is a line drawing contest. And I think that you take the paratrooper example and the knees, it's much closer to showing an indication. If he's landed on his knees many of times, he has a knee condition now, it's reasonable to get a medical examination to draw a connection. There's nothing that even logically would connect, I agree with Your Honor, diabetes. I think I understand your argument. What you're saying is that before the veteran is entitled to get a medical examination, he has to present something. Medical opinion, non-medical opinion, he has to present some factual basis to suggest that, in fact, what happened to him in the service was a cause of the medical problems he now has. And it's not enough for him merely to say, I think so or I believe so. He's got to have something more than that. Not necessarily a great deal, but something more than that. And on this record, he hasn't presented anything more than that. And that's why we argue this court doesn't have jurisdiction to begin with. Because it is a re-weighing, what they're requesting is a re-weighing of the veterans court decision and the VA's decision that this is not enough to meet that standard. But in a way, you're asking us to make a factual determination. You're saying this isn't like the paratrooper situation. You're asking us to make a judgment on the facts that it's not like the paratrooper situation. The trouble is you've got a board decision which on the face of it applies the wrong standard. And perhaps it's our obligation to say you applied the wrong standard, now go back and reconsider this in the light of medical textbooks or whatever that might suggest a connection between schizophrenia and depression. It's not up to us to determine that there isn't any plausible connection on the face of it the way there is in the paratrooper situation. Well, it's also the time span is also very relevant. It's also been about 15 years since he was in service, which are all, again, these are factors that have to be weighed, and I see my time is out, but these are all factors that have to be weighed by the VA. And this is something the Veterans Court can review under its standard review, but it's not something that this court has jurisdiction to review in terms of weighing the facts. And for these reasons, the court should first conclude that it lacks jurisdiction, but if it feels that it has jurisdiction, it should affirm the decision of the Veterans Court. Any more questions? Unless the court has any further questions. Any more questions? Thank you, Mr. Austin. Thank you. Mr. Raven. I have nothing further unless there are any other questions. Any questions, Mr. Raven? I have a question. Yes. Suppose, let's just suppose that we cross this threshold. What happens next in your view? The veteran gets a physical exam from the VA, and they say it doesn't really he would then have to meet a much higher standard, would he not, to show service connection? That's correct. It's a different standard for service connection than for getting an examination, and Congress just wanted to be able to provide examinations to veterans, and that was the purpose of the VCA. Okay. All right. Thank you. Thank you both. Case is taken under submission.